**Opinion issued April 16, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00504-CV

————————————

**KRISTOFER THOMAS KASTNER, Appellant**

**V.**

**HARRIS COUNTY, FORMER SHERIFF TOMMY THOMAS, AND HARRIS COUNTY SHERIFF'S DEPUTIES SAULO AGUILAR, MICHAEL LECOMPTE, AND M. REYNAUD, Appellees**

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2008-45366**

## MEMORANDUM OPINION

Appellant, Kristofer Thomas Kastner, proceeding pro se, attempts to appeal from the trial court's order dismissing his suit against appellees, Harris County,

former Sheriff Tommy Thomas, and Harris County Sheriff's Deputies Saulo Aguilar, Michael Lecompte, and M. Reynaud. Because appellant has not complied with Texas Civil Practice and Remedies Code Chapter 11, governing vexatious litigants, we dismiss the appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.001–.104 (West 2002 & Supp. 2012).

Pursuant to Chapter 11, "[a] court may, on its own motion or the motion of any party, enter an order prohibiting a person from filing, in propria persona, a new litigation in a court in this state if the court finds, after notice and hearing, that: (1) the person is a vexatious litigant; and (2) the local administrative judge of the court in which the person intends to file the litigation has not granted permission . . . to file the litigation." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(a) (West Supp. 2012). The Office of Court Administration of the Texas Judicial System ("OCA") is required to maintain a list of vexatious litigants subject to pre-filing orders. *See id.* § 11.104(b).

"[A] clerk of a court may not file a litigation, original proceeding, appeal, or other claim presented by a vexatious litigant subject to a prefiling order," unless the litigant obtains an order from the local administrative judge authorizing the filing. *See id.* § 11.103(a). "If the clerk mistakenly files a litigation[1] without an

---

[1] "Litigation" includes "a civil action commenced, maintained, or pending in any state or federal court." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.001(2) (West Supp. 2012).

order from the local administrative judge, any party may file with the clerk and serve on the plaintiff[2] and the other parties to the suit a notice stating that the plaintiff is a vexatious litigant subject to a prefiling order." *Id.* § 11.103(b). "On the filing of the notice, the court shall immediately stay the litigation and shall dismiss the litigation, unless the plaintiff," within ten days after the notice is filed, "obtains an order from the local administrative judge permitting the filing." *Id.*

The OCA's list reflects that, on April 30, 2012, the 133rd District Court of Harris County declared appellant a vexatious litigant and entered a prefiling order in *Kastner v. Sanders*, No. 2011-54173 (133rd District Court of Harris County, Tex., Apr. 30, 2012). The order prohibits appellant "from filing, in propria persona, a new litigation in any court of this state" unless he obtains permission of the local administrative judge. *Id.*

Appellees have filed a notice stating that appellant has been declared a vexatious litigant, that he is subject to the pre-filing order issued in *Sanders*, and that he has failed to obtain permission from the local administrative judge to file the instant appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.103(b). Appellees move to dismiss the appeal. *See id.*

On February 5, 2013, the Clerk of the Court notified appellant that the appeal was subject to dismissal unless, within ten days, he filed proof that he had

---

[2] "'Plaintiff' means an individual who commences *or maintains* a litigation." *Id.* § 11.001(5) (emphasis added).

obtained an order from the local administrative judge permitting the filing of this appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.103(a).[3]  Appellant's responses do not show grounds for continuing the appeal.  Further, the Court's records reflect that, on March 14, 2013, the local administrative judge denied appellant's request for permission to continue this appeal.

Accordingly, we grant the appellees' motion and dismiss the appeal.  We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Brown.

---

[3]  This is not an appeal from an order declaring appellant a vexatious litigant. *See id.* § 11.103(d).